UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| BRYAN BEAM,<br><br>               Plaintiff,<br><br>    v.<br><br>PAROLE OFFICER L. DATER-TWOMEY, MERIDIAN POLICE OFFICER GRACE LLOYD, MERIDIAN POLICE OFFICER ANDREW HERSCOWITZ, MERIDIAN POLICE OFFICER DANIEL JAMES, MERIDIAN POLICE DEPAERTMENT, et al.,<br><br>             Defendants. | Case No. 1:26-cv-00109-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Bryan Beam's Complaint as a result of his status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing the Complaint for failure to state a federal claim but granting leave for Plaintiff to file an amended complaint if he believes he can state a federal claim.

### 1. Pleading Standards and Screening Requirement

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar  sua sponte (on its own) that is often raised as an affirmative defense, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief, *id*.

## 2. Factual Allegations

When Plaintiff filed this action, he was incarcerated in the Ada County Jail. He currently is a prisoner in the custody of the Idaho Department of Correction ("IDOC"). The IDOC website shows that Plaintiff is being held as a convicted felon and parole violator as a result of three outstanding criminal convictions: (1) Unlawful Possession of a Weapon by a Convicted Felon in Owyhee County, Case No. 37-21-01183, with a sentence completion date of 08/23/2026; (2) Controlled Substance-Possession in Owyhee County, Case No. 37-21-01183, with a sentence completion date of 08/23/2028; and (3) Drug Trafficking in Owyhee County, Case No. 37-21-01183, with a sentence completion date of 08/23/2031. *See* https://www.idoc.idaho.gov/content/prisons/ resident-client-search/details/112759 (search: Bryan Beam, accessed 6/22/2026).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

On January 6, 2026, while Plaintiff was on parole, Defendant Parole Officer L. Dater-Twomey called the Meridian Police Department and requested assistance in locating and detaining Plaintiff due to his slurred speech and possible intoxication. Defendant Officer Grace Lloyd responded. She found Plaintiff sitting in his car with the engine running at a Maverick gas station. She ordered him to take field sobriety tests, which he passed. But because she found Plaintiff had glassy and bloodshot eyes, constricted pupils, and a brown substance on his tongue and fingers, Officer Lloyd and Defendant Officer Andrew Herscowitz arrested him and transported him to the Meridian Police Department for testing for other types of drugs. *See* Exhibit to Order, Probable Cause Affidavit.

At the police station, Defendant Officer Daniel James, a drug recognition expert, determined that Plaintiff was under the influence of cannabis and narcotic analgesics and was unsafe to operate a vehicle. He was booked into the Ada County Jail for driving under the influence under Title 18, Chapter 80. *See* Exhibit to Order, Register of Actions in Case No. CR01-26-00766.

An Ada County magistrate judge found probable cause, and Plaintiff was provided with a public defender. The case proceeded to discovery. Before trial, the prosecution moved to dismiss the case because the State decided not to prosecute, and the case was dismissed on February 19, 2026. *See* https://preview.icourt.idaho.gov (search: Bryan Beam, accessed 6/22/2026).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff alleges that Dater-Twomey falsely reported to the police department that Plaintiff was driving while intoxicated. He asserts that Lloyd, Herscowitz, and James falsely arrested and

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

imprisoned him. He brings these claims under Amendments Four, Five, Six, Eight, and Fourteen to the United States Constitution and under the Idaho Constitution. Plaintiff also sues the Meridian Police Department, alleging it had a custom, policy, or practice of colluding with parole officers to arrest citizens without a warrant, when officers did not witness the crime themselves but did so on the report of a parole officer. Dkt. 3 at 6. He requests an award of damages. Dkt. 3 at 2.

Plaintiff asserts as the basis for his federal claims that Idaho case law provides that an officer who does not personally witness a misdemeanor crime is prohibited from performing warrantless arrests for such crimes. *See* Idaho Constitution Article I, § 17; *State v. Bell*, 533 P.3d 1247, 1252–53 (Idaho 2023); *State v. Clarke*, 446 P.3d 451, 458 (Idaho 2019). This statement of the law is accurate.

### 3. Discussion: Fourth Amendment Claims

#### A. Parole Officer

The Fourth Amendment protects citizens from unreasonable searches and seizures by the government. U.S. Const. amend. IV. To stop a person in a motor vehicle, an officer must have reasonable suspicion, which means a "minimum level of objective justification." *United States v. Sokolow*, 490 U.S. 1, 7 (1989). Reasonable suspicion does not need to rise to the level required for probable cause, and it "is considerably less than proof of wrongdoing by a preponderance of the evidence." *Id.*

"Reasonable suspicion 'is formed by specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.'" *United States v. Thompson*, 282 F.3d 673, 678 (9th Cir. 2002) (quoting *United States v. Rojas–Millan*, 234 F.3d 464, 468–69 (9th Cir. 2000)). To determine whether reasonable suspicion existed, the court considers the "totality of the circumstances surrounding the stop." *United States v. Hall*, 974 F.2d 1201, 1204 (9th Cir. 1992).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

A general condition of parole in Idaho is that parolees must submit to searches by prior written consent, which is a waiver of the Fourth Amendment right not to be searched. *State v. Purdum*, 207 P.3d 182, 184 (Idaho 2009); *State v. Gawron*, 736 P.2d 1295, 1297 (Idaho 1987); *State v. Pecor*, 972 P.2d 737, 742 (Idaho Ct. App. 1998).

When the basis for a search is consent, the search must conform only to the limitations placed upon the right granted by the consent. *State v. Ballou*, 186 P.3d 696, 705 (Idaho Ct. App. 2008); *State v. Thorpe*, 106 P.3d 477, 480 (Idaho Ct. App. 2004). The standard for measuring the scope of consent under the Fourth Amendment is that of objective reasonableness. *Florida v. Jimeno*, 500 U.S. 248, 251 (1991); *Ballou*, 186 P.3d at 705; *Thorpe*, 106 P.3d at 480.

The determination of reasonable suspicion is made with reference to the "collective knowledge of the officers involved, and the inferences reached by experienced, trained officers." *Hall*, 974 F.2d at 1204 (citing *United States v. Sharpe*, 470 U.S. 675, 682 (1985)). Officers must be permitted "to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

If a search does not exceed the scope of the consent contained in an Idaho parolee's Fourth Amendment waiver (which usually allows for searches by any agent of the Idaho Probation and Parole Department, including a police officer), Idaho case law provides that Probation and Parole may engage in mutually beneficial cooperation with law enforcement. *See State v. Armstrong*, 347 P.3d 1025, 1031–32 (Ct. App. 2015); *State v. Cruz*, 174 P.3d 876, 880 (Idaho Ct. App. 2007); *State v. Vega*, 718 P.2d 598, 601 (Idaho Ct. App. 1986).

Here, Plaintiff alleges, and the Affidavit of Probable Cause shows, that Parole Officer Dater-Twomey believed that Plaintiff was driving under the influence. For that reason, she called

on the Meridian Police Department to aid in the stop and potential seizure of Plaintiff. The facts produced by the police officers supports the parole officer's reasonable suspicion—Plaintiff, indeed, showed physical signs of being under the influence of a substance and unfit to drive. Plaintiff was in his vehicle with the engine running. Nothing in the Complaint or state court documents relating to the claims show that Dater-Twomey acted without reasonable suspicion. For this reason, the Court will not require Plaintiff to produce his parole agreement showing whether it permits "agents" of Dater-Twomey to assist parole officers. This claim is subject to dismissal.

### B. Police Officers

To state federal civil rights claim against the police officers, Plaintiff must provide facts showing that he was arrested without probable cause. There is no *federal* constitutional requirement that a misdemeanor be committed in an officer's presence before a warrantless arrest may be made. *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990) (relying on *Street v. Surdyka*, 492 F.2d 368 (4th Cir. 1974)) (the Fourth Amendment does not prohibit warrantless arrests for misdemeanors committed outside the officer's presence). *See also Straub v. Kilgore*, 100 F. App'x 379, 383 (6th Cir. May 27, 2004) (reasoning that the "in the presence" requirement under Kentucky law "is a state-provided right that is not grounded in the U.S. Constitution").

The only federal constitutional requirement for a valid arrest is that it be based on probable cause, regardless of whether it is a misdemeanor or felony. *Surdyka*, 492 F.2d at 371-72. The federal standard for a warrantless arrest depends upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the petitioner had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

The relevant Idaho statute defining the offense of felony driving while under the influence provides: "It is unlawful for any person who is under the influence of alcohol, drugs, or any other intoxicating substances ... to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public." I.C. § 18–8004(1)(a). The statute further defines "actual physical control" as "being in the driver's position of the motor vehicle with the motor running or with the motor vehicle moving." Idaho Code § 18–8004(5).

The Affidavit of Probable Cause shows that Officer Lloyd observed Plaintiff to have physical signs of intoxication and that he was in his car with the motor running at a convenience store. Even though he passed the field sobriety tests, the officers had sufficient factual evidence that Plaintiff was under the influence of a drug. The lab tests confirmed this. No grounds exist to show that Plaintiff can meet the elements of a Fourth Amendment claim. The Court need not consider whether Plaintiff's parolee consent waived his Fourth Amendment rights altogether.

### 2. Fifth and Sixth Amendment Claims

Among other protections not relevant here, the Fifth and Sixth Amendments protect a person's due process and fair trial rights. Plaintiff has not provided sufficient facts to support a Fifth or Sixth Amendment claim.

### 3. Eighth Amendment Claim

The Eighth Amendment's prohibition of "cruel and unusual punishments" applies only "after conviction and sentence." *Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989). Plaintiff has stated no claim under this Amendment because he was not convicted of DUI. Even if his status were that of a convicted felon on prior charges, rather than a parolee, Officer Lloyd personally witnessed the crime and could arrest him under the Idaho statute. Further, being arrested by an

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

officer who did not witness the crime does not state a federal claim for cruel and unusual punishment.

### 4. Fourteenth Amendment Claim

The Fourteenth Amendment's Due Process Clause applies to pretrial detainees and is violated when a detainee's conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The United States Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle v. McGuire*, 502 U.S. 62, 72–73 (1991) (citing *Dowling v. United States*, 493 U.S. 342, 352 (1990)). Plaintiff does not assert pretrial detainee claims.

"Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." *Id*. Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham*, 490 U.S. at 395. Plaintiff's facts do not state a Fourteenth Amendment claim.

### 5. Policy-Based Claims

Under some circumstances, a local governmental entity, such as the Meridian Police Department, can be a proper defendant in a § 1983 action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). But local governments are not liable merely because they employ the person whom the plaintiff claims violated his constitutional rights. To state a claim against a local governmental entity, a plaintiff must instead allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, which requires a showing that (1) the plaintiff was deprived of a constitutional right, (2) the governmental entity had a policy or custom, (3) the policy or custom amounted to deliberate indifference to the plaintiff's

constitutional right, and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim, and he must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Here, Idaho law permits police officers to aid parole officers in searching and seizing parolees where probable cause exists. Because Plaintiff has not provided facts showing that the officers engaged in wrongdoing, he cannot prove the derivative claim that the police department itself caused any wrongdoing. This claim is subject to dismissal.

### 6.  Parole Revocation Proceedings

Generally, a person who has been convicted of a parole revocation based on the same facts underlying a § 1983 claim cannot proceed unless they show that the parole revocation has previously "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (holding that a § 1983 claim was noncognizable because a "judgment in favor of [plaintiff] on his illegal seizure claim would necessarily imply the invalidity of the revocation of his probation and parole"). That is, if success on a civil rights claim would call into question the validity of a plaintiff's parole revocation and resultant incarceration, the plaintiff cannot maintain the claim without showing that the parole revocation has been invalidated.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

Plaintiff is incarcerated, evidently because his parole was revoked. If the parole revocation rests on the same facts alleged to be constitutional violations, the § 1983 claims would necessarily imply the invalidity of his parole revocation and present incarceration. Thus, Plaintiff's claims may also be barred by the *Heck* doctrine.

**7.  Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's *federal* constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991).

For each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within thirty days, or if the amendment does not comply with Rule 8, this case will be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

If Plaintiff files an amended complaint, he should set forth how the alleged constitutional violations relate to his current incarceration. If Plaintiff believes that his claims, if successful, would *not* imply that his parole revocation is invalid, he must set forth detailed allegations explaining why the parole revocation is not based on, or does not take into consideration, the facts asserted here.

If Plaintiff decides that the *Heck* doctrine presently bars his claims, he may file a notice of voluntary dismissal in this case. The statute of limitations for a § 1983 action that is dependent upon a prior state court action to invalidate a conviction, sentence, or parole revocation does not begin to run until the conviction, sentence or parole revocation is reversed, expunged or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed. *See Heck*, 512 U.S. at 489.

## ORDER

**IT IS ORDERED:**

1.  The Complaint is DISMISSED for failure to state a claim upon which relief may be granted because it does not assert a cognizable claim.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

2.     Plaintiff is granted leave to amend within **thirty days** after entry of this Order. Alternatively, Plaintiff may file a notice of voluntary dismissal if he no longer intends to pursue this case.

3.     If Plaintiff does not file a timely amended complaint, judgment will be entered and this case closed.

4.     Because an amended complaint is required for Plaintiff to proceed, his request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: July 10, 2026

_____

Amanda K. Brailsford
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12